THE HONORABLE ROBERT J. BRYAN

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

THE UNITED STATES OF AMERICA,

Plaintiff,

v.

WASHINGTON STATE DEPARTMENT OF TRANSPORTATION, and SOUTHGATE DEVELOPMENT CO.,

Defendants.

**NO. C05-5447RJB**

**PRETRIAL ORDER**

## I. JURISDICTION

Jurisdiction is vested in this court by virtue of Sections 107(a) and 113(b) of CERCLA, 42 U.S.C. §§ 9607(a) and 9613(b), and 28 U.S.C. §§ 1331 and 1345.

## II. CLAIMS AND DEFENSES

**A. Plaintiff the United States will pursue at trial the following claims:**

1. Claim under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), that Washington State Department of Transportation (WSDOT) is liable, for all unreimbursed costs incurred and to be incurred by the United States in response to releases of hazardous substances at the Site.



ATTORNEY GENERAL OF WASHINGTON
Transportation & Public Construction Division
7141 Cleanwater Drive SW
PO BOX 40113
Olympia, WA 98504-0113
(360) 753-6126 Facsimile: (360) 586-6847

2. Claim for declaratory judgment that WSDOT is liable for costs to be incurred by the United States responding to the release of hazardous substances at the Site, pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. §9613(g)(2).

**B. Defendants will pursue the following affirmative defenses:**

1. Plaintiff cannot show that a release of TCE from the WSDOT facilities caused the incurrence of response costs.

2. Plaintiff's actions were inconsistent with the national contingency plan.

## III. ADMITTED FACTS

**A. The following facts are agreed-upon by the parties:**

1. The Palermo Wellfield Superfund Site ("Site") is defined by contaminant plumes in groundwater in Tumwater, Washington, at and in the vicinity of the Palermo Wellfield and Palermo neighborhood. The Palermo Wellfield provides drinking water for the City of Tumwater, Washington.

2. The Palermo Wellfield is adjacent to a residential neighborhood in the Palermo Valley, a lowland located in the Deschutes River floodplain. The neighborhood consists of detached, single-family homes bordered on the southeast by the Wellfield, to the northeast, by the Tumwater Municipal Golf Course, and to the west, by the Palermo Bluff. Palermo Bluff, a sixty foot rise in elevation from east to west, separates the Palermo Valley (approximately 100 feet above sea level ("ASL") from the Palermo Uplands (approximately 160 feet ASL). Palermo Bluff is approximately 800 feet west of the Palermo Wellfield. Continuing west from the Palermo Bluff, the Palermo Uplands encompasses commercial and residential parts of Tumwater. Interstate highway "I-5" transects the Uplands portion of the Site from southwest to northeast. Groundwater flows generally from the west to the east/northeast.

3. Trichloroethylene ("TCE") was first detected in groundwater at the Wellfield during routine well sampling on August 3, 1993, and was confirmed by additional sampling on August 6, 1993. Samples from August 3 indicated TCE concentrations of 12.6 ug/L in Well



ATTORNEY GENERAL OF WASHINGTON
Transportation & Public Construction Division
7141 Cleanwater Drive SW
PO BOX 40113
Olympia, WA 98504-0113
(360) 753-6126 Facsimile: (360) 586-6847

#2, 1.1 μg/L in Well #4, and 1 μg/L in Well #5. Samples from August 6 indicated TCE concentrations of 11.1 μg/L in Well #2, 0.9 μg/L in Well #4, and 1.5 μg/L in Well #5.

4. The City of Tumwater, in coordination with the State of Washington Department of Ecology, conducted further field investigations and completed pump testing shortly thereafter. Those investigations found TCE, as well as low levels of perchloroethylene ("PCE") and 1,2-dichloroethene ("DCE") in the groundwater underlying several residential blocks in the vicinity of the Wellfield. The City of Tumwater removed those wells from service and then notified the public regarding the discovery of TCE in the three contaminated wells.

5. A groundwater plume of TCE extends approximately 3000 feet east/northeast from near the intersection of Trosper and Littlerock Roads in the Uplands to the Wellfield. The plume is over 600 feet wide west of Palermo Bluff, narrowing to less than 300 feet wide in the Palermo Valley.

6. A groundwater plume of PCE extends over 2000 feet, in a generally easterly direction, from the Southgate Dry Cleaners ("SDC") to the Palermo Valley. The TCE and PCE plumes commingle to varying extents within the Site and both TCE and PCE are present in seeps at the base of Palermo Bluff and in shallow groundwater in the residential area in the Palermo Valley just west of the Wellfield.

7. EPA proposed the Site for addition to the National Priorities List on December 23, 1996, and added the Site to the list on April 1, 1997.

8. The Palermo Wellfield Superfund Site is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601 (9).

9. Trichloroethylene, also known as TCE and Trichloroethene, is a "hazardous substance" within the meaning of CERCLA § 101(14), 42 U.S.C. § 9601(14) and 40 C.F.R. Part 302.4.



ATTORNEY GENERAL OF WASHINGTON
Transportation & Public Construction Division
7141 Cleanwater Drive SW
PO BOX 40113
Olympia, WA 98504-0113
(360) 753-6126 Facsimile: (360) 586-6847

10. Perchloroethylene, also known as PCE and Perchloroethene, is a "hazardous substance" within the meaning of CERCLA § 101(14),42 U.S.C. § 9601(14) and 40 C.F.R. Part 302.4.

11. In September 1993, the City of Tumwater and the Washington State Department of Ecology requested EPA's assistance to investigate and address potential sources of contamination. EPA, assisted by its contractors, completed a Phase I CERCLA Site Assessment in March 1995, and an Expanded Site Investigation in 1996. A removal assessment at Southgate Dry Cleaners was completed in May 1995, and a second removal assessment was performed in March 1997.

12. EPA issued an Action Memorandum on July 3, 1997, selecting the removal actions. An EPA contractor initiated removal actions at the Site in March 1998.

13. One component of this removal action consisted of the installation and operation of a soil vapor extraction ("SVE") system at the former Southgate Dry Cleaners location. The purpose of this action was to remove PCE from soil in order to halt its ongoing release to groundwater. The SVE system began operation in 1998 and was decommissioned in June 2000. EPA estimates that the SVE system removed approximately 425 pounds of PCE from soils beneath SDC.

14. The second component of the removal action was EPA's installation of two air strippers at the Palermo Wellfield. Construction of the air stripping system was completed in February 1999 and the wells were returned to service in June 1999. The stripping system has reduced VOC concentrations in treated water to below laboratory detection limits.

15. On November 16, 1999, the Regional Administrator for EPA Region 10 signed a Record of Decision ("ROD") documenting the long-term remedial action that EPA had selected for the Site. The selected remedy incorporated the continued operation of the wellhead treatment system and SVE system.



ATTORNEY GENERAL OF WASHINGTON
Transportation & Public Construction Division
7141 Cleanwater Drive SW
PO BOX 40113
Olympia, WA 98504-0113
(360) 753-6126 Facsimile: (360) 586-6847

16. The ROD also called for the construction of a subdrain system to collect groundwater containing TCE and PCE that is surfacing in the area of residences at the base of Palermo Bluff. On-site construction of the subdrain system began on August 8, 2000, and it continues to operate.

17. WSDOT is an agency of the government of the State of Washington and is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

18. During the late 1960s and early 1970s, WSDOT operated a testing laboratory (hereinafter "former WSDOT lab") near the intersection of Trosper and Littlerock Roads in Tumwater, Washington.

19. The location of the former WSDOT lab is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

20. Releases of TCE within the meaning of Section 101(22) of CERCLA, 42 U.S.C. § 9601(22), occurred at the former testing lab during WSDOT's operation.

21. WSDOT owns and operates a materials testing lab ("MTL") located at 1655 South Second Avenue in Tumwater. The MTL is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

22. TCE has been released within the meaning of Section 101(22) of CERCLA, 42 U.S.C. § 9601(22), into the environment at or from the MTL.

23. A 600-gallon underground storage tank ("tank") was installed at the MTL in 1970 to store waste liquid, including waste TCE. Certain laboratory sinks drained to the tank, which was located just outside the MTL.

24. The tank received waste, including TCE, for several months after its installation at the current MTL. The tank overflowed in 1970, apparently due to a plumbing mistake, and the quantity that overflowed from the tank is unknown.

25. Shortly after discovery of this release, the underground storage tank was no longer used for waste solvent disposal.



ATTORNEY GENERAL OF WASHINGTON
Transportation & Public Construction Division
7141 Cleanwater Drive SW
PO BOX 40113
Olympia, WA 98504-0113
(360) 753-6126 Facsimile: (360) 586-6847

26. Laboratory analysis of a sample of liquid from the tank taken in August 1995 indicated that the liquid contained a TCE concentration of 15700 parts per billion ("ppb").

27. The contents of the tank were pumped onto the current MTL asphalt parking lot in February 1996.

28. By letter dated August 5, 1999, EPA demanded payment from WSDOT to reimburse costs incurred by EPA for response actions taken at the Palermo Wellfield Superfund Site.

29. The U.S. Department of Justice incurred $75,442.03 in costs related to the Palermo Wellfield Superfund Site through December 2005.

30. EPA incurred $11,952,921.15 in costs related to the Palermo Wellfield Superfund Site through December 2005, exclusive of interest. Of those total costs, $518,131.92 was spent on the SVE system, a source-control measure at the SDC property. Thus, the United States seeks a total of $11,434,789.23 from WSDOT for costs incurred through December 2005, exclusive of interest.

**B. Plaintiff the United States contends as follows:**

1. EPA's response actions at the Site are supported by the administrative records compiled and certified by EPA. EPA's response actions were not inconsistent with the "National Contingency Plan," nor arbitrary and capricious, nor otherwise not in accordance with law.

2. EPA performed the removal actions at the Site to address immediate risks to human health and the environment from TCE and PCE in soil and groundwater.

3. EPA performed response actions, including Site investigation and assessment, sampling and analysis, a search for potentially responsible parties, and installation of wellhead treatment, and installation and operation and maintenance of a French drain system in response to releases of hazardous substances from current and former WSDOT facilities.



ATTORNEY GENERAL OF WASHINGTON
Transportation & Public Construction Division
7141 Cleanwater Drive SW
PO BOX 40113
Olympia, WA 98504-0113
(360) 753-6126 Facsimile: (360) 586-6847

**C. Defendant WSDOT contends as follows:**

1. Only one Palermo Well Field well has ever exceeded the MCL for TCE. The City's drinking water never exceeded the MCL.

2. The City of Tumwater immediately shutdown three wells at the Palermo Well Field in response to the discovery of TCE in those wells. The City immediately initiated action to drill two new wells, which were capable of providing more water supply capacity than the shutdown Palermo wells by summer 1994.The TCE concentrations in the contaminated wells generally decreased in the years prior to EPA's emergency removal action.

3. No wells exceeded the MCL at the time of the emergency removal action.

4. The amount of water supplied by the Palermo Well Field has been consistently overestimated by EPA.

5. EPA failed to reconcile its opinion with the DOH/ATSDR Health Consultation, which concluded that the Palermo Well Field poses no apparent public health hazard to consumers of the City's drinking water or Palermo Valley residents.

6. There was no threat of immediate harm to public health or the environment to support an emergency removal action at the Palermo Well Field.

7. The air stripping system, which was installed as an emergency removal action, was completed in 1999, six years after discovery of TCE in the Well Field.

8. The air stripping system was designed and constructed as an effective means of adjusting pH to address the City's copper corrosivity problems, including the City's 1994 violation of EPA's Lead and Copper Rule.

9. The selection of air stripping as a response action at the Palermo Well Field is excessive given the nature and concentrations of contaminants observed.

10. The SVE system removed an unknown quantity of TCE from the soil beneath Southgate Dry Cleaners. The extraction of TCE from Southgate Dry Cleaners resulted in a decrease of TCE in groundwater similar to that of PCE.



ATTORNEY GENERAL OF WASHINGTON
Transportation & Public Construction Division
7141 Cleanwater Drive SW
PO BOX 40113
Olympia, WA 98504-0113
(360) 753-6126 Facsimile: (360) 586-6847

11. The historical review of potential sources is limited and failed to identify likely additional sources of PCE and TCE. EPA failed to identify and consider former septic leach fields located throughout the areas upgradient of the well field and failed to consider the widespread historical uses of TCE.

12. The EPA groundwater model does not adequately reflect the fate and transport of PCE or TCE at the Site. The EPA model was developed prior to identification of the former lab as a potential source area. EPA failed to evaluate alternative conceptual site models that could explain the distribution of PCE and TCE.

13. The implementation of the French Drain Treatment System was unsupported by actual observation of TCE and/or PCE in indoor air in houses in the Palermo neighborhood.

14. Biodegradation of TCE to PCE is occurring at the Site. TCE in the Palermo Valley originated from the breakdown of PCE released at area drycleaners.

15. The contributions of TCE from the WSDOT MTL and former lab were not sufficient to result in the concentrations of TCE detected in the Palermo Valley.

16. The Brewery City Pizza location is a source of PCE and/or TCE.

17. Releases of PCE and/or TCE at the Southgate Dry Cleaners and Brewery City Pizza locations are the primary source of TCE and PCE observed in the surface water seeps at the base of the Palermo Valley bluff and groundwater in the Palermo Well Field. TCE in the seeps and well field is a result of TCE being released at the Southgate Mall area, and/or some portion of the PCE has been converted to TCE by biological activity.

18. The amount of TCE in the soil at the WSDOT former lab is estimated to be 0.6 pound based on EPA test results.

19. The amount of TCE in the underground storage tank at the WSDOT MTL was approximately 1 ounce, which is equivalent to 15,700 ppb in a 600 gallon tank.



ATTORNEY GENERAL OF WASHINGTON
Transportation & Public Construction Division
7141 Cleanwater Drive SW
PO BOX 40113
Olympia, WA 98504-0113
(360) 753-6126 Facsimile: (360) 586-6847

## IV. ISSUES OF LAW

**A. The following are the issues of law to be determined by the Court:**

1. Whether plaintiff United States incurred "response" costs, within the meaning of CERCLA Section 101 (25), 42 U.S.C. § 9601 (25), rendering defendant WSDOT liable under Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2).

2. Whether the removal actions taken by the United States were inconsistent with the National Contingency Plan.

3. Whether construction of the air strippers at the Palermo Wellfield falls within the statutory definition of a removal action.

## V. EXPERT WITNESSES

The names and addresses of the expert witnesses to be used by each party at the trial and the issue upon which each will testify:

On behalf of the Plaintiff:

1. Mr. Thomas DeHoff – potential witness
United States Environmental Protection Agency
Ariel Rios Building
1200 Pennsylvania Ave., NW
Washington, D.C. 20460

Mr. DeHoff will testify about EPA's cost-accounting methodology, including EPA's indirect cost accounting and contract allocation process.

2. Mr. William Kime – potential witness
Rubino & McGeehin
6905 Rockledge Dr.
Bethesda, Maryland 20817

Mr. Kime will testify about the Justice Department's costs, including the methodology and accuracy of accounting for DOJ's direct and indirect costs.



ATTORNEY GENERAL OF WASHINGTON
Transportation & Public Construction Division
7141 Cleanwater Drive SW
PO BOX 40113
Olympia, WA 98504-0113
(360) 753-6126 Facsimile: (360) 586-6847

3. Mr. Michael Riley – will testify
101 N Capital Way, Suite 107
Olympia, Washington 98502-4553

Mr. Riley will testify about the hydrogeologic conditions at the Site and his conclusions, including that TCE in groundwater at the Site originates in the vicinity of the present and former WSDOT materials testing lab facilities. Mr. Riley may also testify in rebuttal to the opinions of Mr. Mathis.

4. Mr. Dimitri Vlassoupolous – will testify
S.S. Papadopulos and Associates
815 SW Second Avenue
Portland, Oregon 97204-3026

Mr. Vlassoupolous will testify regarding the forensic geochemical investigation of contaminants at the Site and his conclusions, based on his compound-specific stable carbon isotopic analysis, including his conclusion that the bulk of the TCE in the groundwater plume impacting the Palermo Wellfield derives primarily from WSDOT sources.

5. Mr. Wiley Wright – potential witness
Rubino & McGeehin
6905 Rockledge Dr.
Bethesda, Maryland 20817

Mr. Wright has independently reviewed EPA's cost documentation and can verify that EPA's documentation establishes the incurrence of the costs claimed by EPA.

<u>On behalf of the Defendant</u>:

1. Tony Mathis
GeoEngineers
1101 Fawcett Avenue, Suite 200
Tacoma, WA 98402

Mr. Mathis will testify about the hydrogeologic conditions at the Site and his conclusions about the role of potential sources in contributing to the contamination.



ATTORNEY GENERAL OF WASHINGTON
Transportation & Public Construction Division
7141 Cleanwater Drive SW
PO BOX 40113
Olympia, WA 98504-0113
(360) 753-6126 Facsimile: (360) 586-6847

2. Robert Weaver
6226 20th Avenue NE
Seattle, WA 98115

Mr. Weaver will testify about potential sources of TCE/PCE and EPA's failure to research and identify other potentially responsible parties.

## VI. OTHER WITNESSES

On behalf of the Plaintiff:

1. Thor Cutler – will testify
United States Environmental Protection Agency
1200 Sixth Avenue
Seattle, Washington 98101

Mr. Cutler was EPA's On-Scene Coordinator for this Site from 1997 until 2000, and he will testify about the early site investigation, the removal action that EPA and its contractors performed at the Site, and the costs associated with the removal action.

2. Robert Kievit – will testify
United States Environmental Protection Agency
1200 Sixth Avenue
Seattle, Washington 98101

Mr. Kievit was EPA's Remedial Project Manager for the Site from 1998 until 2005, and he will testify regarding further Site investigation performed with the remedial action, the remedial action performed at the Site, and the costs associated with that work.

3. Michael Meyer – potential witness
URS Corporation
1501 4th Avenue
Seattle, WA 98101

Mr. Meyer was primarily responsible for URS Corporation's work performed under contract with EPA, and he will describe the work EPA and its contractors conducted at the Site, particularly discussing the remedial investigation and feasibility study and EPA's implementation of the selected remedy at the Site.



ATTORNEY GENERAL OF WASHINGTON
Transportation & Public Construction Division
7141 Cleanwater Drive SW
PO BOX 40113
Olympia, WA 98504-0113
(360) 753-6126 Facsimile: (360) 586-6847

4. Diane Norton – potential witness
Superfund Cost Accountant
EPA Region 10
1200 Sixth Avenue
Seattle, Washington 98101

Ms. Norton will describe EPA's cost-accounting practices, including the IFMS system and how it tracks costs under site-specific site identification numbers. Ms. Norton will also describe the generation of SCORPIOS reports and cost packages for site-specific site ID numbers. Finally, Ms. Norton will describe how the SCORPIOS reports and cost package for the Site were developed, and how they confirm EPA's incurrence of costs for the Site.

5. Ronald Sisson - potential witness

6. James Walter - potential witness

7. John Unroe - potential witness

On behalf of Defendant:

1. Jim Walter
1655 South Second Avenue
Tumwater, WA 98512

Mr. Walter will testify about the use and disposal of TCE at the WSDOT Materials Testing Laboratory.

2. Ron Sisson
4816 Pleasant Glade Road NE
Olympia, WA 98516

Mr. Sisson will testify about one day in approximately 1968 when he recalls attending a training session at the WSDOT former laboratory and disposing of TCE in a dry well.

3. John Unroe
3828 81st Avenue SW
Olympia, WA 98512

Mr. Unroe will testify about the use and disposal of TCE at the WSDOT former laboratory during his years of employment at that facility.



ATTORNEY GENERAL OF WASHINGTON
Transportation & Public Construction Division
7141 Cleanwater Drive SW
PO BOX 40113
Olympia, WA 98504-0113
(360) 753-6126 Facsimile: (360) 586-6847

4. Gary Lozier
305 Y St. SE
Tumwater, WA 98501

Mr. Lozier will testify about the use and disposal of TCE at the WSDOT former laboratory during his years of employment at that facility.

5. Kathleen Callison
802 Irving St. SW
Tumwater, WA 98512

Ms. Callison is a possible witness only who may testify about her role and knowledge as the City of Tumwater Water Resources Program Manager during the years of EPA decision-making at the Site.

## VII. EXHIBITS

Attached hereto as Exhibit A is a chart setting forth the parties' exhibits and stipulations thereto. The parties have agreed to defer stipulations on admissibility pending the Court's ruling on WSDOT's Motion to Supplement the Administrative Record (dkt. # 92).

## VIII. ACTION BY THE COURT

(a) This case is scheduled for trial without a jury on November 13, 2006, at 9:00 a.m.

(b) Trial briefs shall be submitted to the Court on or before November 3, 2006.

This order has been approved by the parties as evidenced by the signatures of their counsel. This order shall control the subsequent course of the action unless modified by a subsequent order. This order shall not be amended except by order of the court pursuant to agreement of the parties or to prevent manifest injustice.

DATED this 1st day of November, 2006.

UNITED STATES DISTRICT COURT

Robert J. Bryan
United States District Judge



ATTORNEY GENERAL OF WASHINGTON
Transportation & Public Construction Division
7141 Cleanwater Drive SW
PO BOX 40113
Olympia, WA 98504-0113
(360) 753-6126 Facsimile: (360) 586-6847

**FORM APPROVED:**

/s/ Frederick S. Phillips
FREDERICK S. PHILLIPS
Trial Attorney
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611

**Presented by:**

ROB MCKENNA
Attorney General

/s/ Deborah L. Cade
DEBORAH L. CADE, WSBA# 18329
Assistant Attorney General
Transportation & Public Construction Division
P.O. Box 40113
Olympia, Washington 98504-0113
Phone: (360) 753-4964
Facsimile: (360) 586-6847
Email: deborahc@atg.wa.gov

Attorney for Defendant
WASHINGTON STATE DEPARTMENT OF TRANSPORTATION



ATTORNEY GENERAL OF WASHINGTON
Transportation & Public Construction Division
7141 Cleanwater Drive SW
PO BOX 40113
Olympia, WA 98504-0113
(360) 753-6126 Facsimile: (360) 586-6847