UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

WASHINGTON STATE DEPARTMENT
OF TRANSPORTATION,

    Defendant.

CASE NO. C05-5447RJB

ORDER GRANTING MOTION OF THE UNITED STATES FOR PARTIAL SUMMARY JUDGMENT ON RESPONSE COSTS, UNITED STATES' MOTION IN LIMINE TO ADMIT SUMMARIES OF COSTS PURSUANT TO FRE 1006, AND WSDOT'S MOTION RE DIVISIBILITY OF COSTS

    This matter comes before the Court on Motion of the United States for Partial Summary Judgment on Response Costs (Dkt. 87-1), United States' Motion in Limine to Admit Summaries of Costs (Dkt. 146), and WSDOT's Motion Re Divisibility of Costs (Dkt. 91). The Court has considered the pleadings filed in support of and in opposition to the motions and the file herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

    The United States brought suit against the Washington State Department of Transportation ("WSDOT") and Southgate Development Co., Inc. ("Southgate") in federal court, asserting that the defendants are liable under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended ("CERCLA"), 42 U.S.C. §§ 9607(a), 9613(g)(2), for response costs incurred and to be incurred by the Environmental Protection

ORDER
Page 1

1  Agency ("EPA") and the U.S. Department of Justice as a result of releases of hazardous
2  substances at the Palermo Wellfield Superfund Site in Tumwater, Washington. The plaintiff's
3  claims against Southgate have been resolved, and the WSDOT is the only remaining defendant.
4      Pending before the Court are the parties' cross motions for partial summary judgment.
5  The bulk of the parties' substantive arguments are presented to the Court in relation to the
6  WSDOT's pending motions for partial summary judgment on removal action and response costs
7  (Dkt. 97, 101) and are not addressed here. This Order is limited to three issues: (1) the amount of
8  response costs the United States is owed, if any; (2) whether the WSDOT's liability, if any, is
9  joint and several; and (3) whether to admit cost summaries.

## II. DISCUSSION

### A. RESPONSE COSTS

    In its Motion for Partial Summary Judgment on Response Costs, the United States contends that it is entitled to recover $11,420,040.26 for costs incurred at the Palermo Superfund Site. Dkt. 87-1 at 16. The Pretrial Order lists the amount sought as $11,434,789.23. Dkt. 154-1 at 6. The WSDOT's response to the motion contests whether the United States is entitled to recover any costs and does not contest the specific amounts of charges asserted by the United States. *See* Dkt. 116. The Court should therefore hold that the United States is entitled to a finding of fact as a matter of law as to the amount of costs it incurred without regard to whether these costs properly represent "response costs" and are recoverable in whole or in part. Those issues will be addressed in the pending motions for summary judgment or at trial. The specific total, whether $11,420,040.26 or $11,434,789.23, will also be resolved at trial or by subsequent motion.

### B. DIVISIBILITY

    The WSDOT contends that it should not be held jointly and severally liable for all of the costs incurred by the United States and that the costs of the soil vapor extraction system should be apportioned to Southgate. Dkt. 91. The plaintiff did not file a response to the motion and indicated at oral argument that it does not oppose the motion. The motion should therefore be granted.

ORDER
Page 2

**C. MOTION IN LIMINE**

The United States moves for an order admitting summaries of costs in lieu of voluminous records. Dkt. 146. The WSDOT has not opposed the motion and indicated at oral argument that it agrees to the admission of cost summaries. The Court should therefore grant the motion and admit the summaries without prejudice to the WSDOT's defenses as to costs or to their liability for such costs.

### III. ORDER

Therefore, it is hereby

**ORDERED** that the Motion of the United States for Partial Summary Judgment on Response Costs (Dkt. 87-1) is **GRANTED** subject to the limitations above, and the Court finds as follows: The United States incurred either $11,420,040.26 or $11,434,789.23 in costs. WSDOT's Motion Re Divisibility of Costs (Dkt. 91) is **GRANTED** as follows: The WSDOT's liability, if any, will not be joint and several with former defendant Southgate Development. The United States' Motion in Limine to Admit Summaries of Costs (Dkt. 146) is **GRANTED**, and Dkt. 146-3 and Dkt. 146-5 shall be deemed **ADMITTED** at trial.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 7th day of November, 2006.

Robert J. Bryan
United States District Judge