Honorable Robert J. Bryan

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON DEPARTMENT OF TRANSPORTATION,<br><br>and<br><br>SOUTHGATE DEVELOPMENT CO., INC.,<br><br>Defendants. | Civil Action No. C05-5447-RJB<br><br>**CONSENT DECREE BETWEEN THE UNITED STATES AND SOUTHGATE DEVELOPMENT CO., INC.** |

## I. BACKGROUND

A. The United States of America ("United States"), on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), filed a complaint in this matter pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. § 9607, as amended ("CERCLA"), seeking reimbursement of costs incurred or to be incurred by EPA and the U.S. Department of Justice in response to releases of hazardous substances at the Palermo Wellfield Superfund Site in Tumwater, Washington ("the Site").

B. The United States has incurred at least $11,938,172 in costs in response to releases and

threatened releases of hazardous substances at the Site, and will continue to incur such costs. The United States seeks this amount against Settling Defendant Southgate Development Co., Inc. (hereinafter "Settling Defendant") in this action.

C. As more fully described below, liability insurance policies may have been or were issued to or for the benefit of the Settling Defendant or any predecessor in interest to the Settling Defendant, including but not limited to policies for which the Settling Defendant or any predecessor is an "insured," "named insured," or "additional insured," including but not limited to comprehensive, primary, umbrella, and excess policies ("the Non-Ace/Aetna Policies"), which Non-Ace/Aetna Policies, if located, may provide coverage for all or part of the claims the United States is making against the Settling Defendant.

D. The United States and Settling Defendant agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED:

## II. JURISDICTION

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9607 and 9613(b) and also has personal jurisdiction over Settling Defendant. Solely for the purposes of this Consent Decree and the underlying complaint, Settling Defendant waives all objections and defenses it may have to jurisdiction of the Court or to venue in this District. Settling Defendant shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III. PARTIES BOUND

2. This Consent Decree is binding upon the United States, and upon Settling Defendant and its successors and assigns. Any change in ownership or corporate or other legal status, including but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of Settling Defendant under this Consent Decree.

## IV.  DEFINITIONS

3. Unless otherwise expressly provided herein, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated pursuant thereto shall have the meanings assigned to them in CERCLA or in such regulations.  Whenever terms listed below are used in this Consent Decree or in any appendix attached hereto, the following definitions shall apply:

   a. "ACE/Aetna Policies" shall mean any and all policies of insurance issued by, assumed by and/or novated to any and all member companies of the ACE USA Group of Insurers and Reinsurers to any person or entity, specifically including without limitation policies issued to Settling Defendant by ACE Property & Casualty Insurance Company, formerly known as CIGNA Property & Casualty Insurance Company, formerly known as Aetna Insurance Company and/or ACE Fire Underwriters Insurance Company, formerly known as CIGNA Fire Underwriters Insurance Company, formerly known as Aetna Fire Underwriters Insurance Company, that are alleged to provide coverage for environmental claims relating to the Site.

   b. "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. § 9601, *et seq*.

   c. "Consent Decree" shall mean this Consent Decree.

   d. "Day" shall mean a calendar day.  In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

   e. "DOJ" shall mean the United States Department of Justice and any successor departments, agencies or instrumentalities of the United States.

   f. "EPA" shall mean the United States Environmental Protection Agency and any successor departments, agencies or instrumentalities of the United States.

   g. "EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

   h. "Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a).  The applicable rate of interest shall be

the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year.

      i. "Non-Ace/Aetna Policies" shall mean any and all insurance policies issued prior to 2000 to Settling Defendant, or issued to other parties but in which policies Settling Defendant is listed as an additional insured or is entitled to claim the status of third-party beneficiary, for liability for property damage or environmental claims relating to property owned by Settling Defendant at the Site, except and not including ACE/Aetna Policies. The Non-Ace/Aetna Policies include any policies in which Settling Defendant is subsequently determined to have any interest, and any and all potential or actual claims and/or causes of action (including, but not limited to, causes of action based in contract, tort, extra-contractual theories, and statutory claims), pursuant to, and proceeds from, said policies.

      j. "Non-Ace/Aetna Claims" shall mean any right to payment under any and all Non-Ace/Aetna Policies.

      k. "Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper or lower case letter.

      l. "Parties" shall mean the United States and Settling Defendant.

      m. "Plaintiff" shall mean the United States.

      n. "Response Costs" shall mean all costs, including but not limited to direct and indirect costs, that EPA or DOJ on behalf of EPA has paid or will pay at or in connection with the Site, plus accrued Interest on all such costs.

      o. "Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

      p. "Settling Defendant" shall mean Southgate Development Company, Inc., a defendant in this action.

      q. "Site" shall mean the Palermo Wellfield Superfund Site, located within the city of Tumwater, Washington, and shall include, but is not limited to, the Palermo Valley, the bluff, the Palermo Wellfield, the area to the north and west of Interstate 5 where the former and current Washington State Department of Transportation materials testing laboratories were and are located, and any area in that vicinity in which hazardous substances have come to be located, and shall also include all surface water, groundwater (including a drinking water aquifer), and soil at or in the vicinity of the Site where

1  hazardous substances have come to be located.

2        r. "Palermo Wellfield Environmental Trust" or "Palermo Trust" means the trust
3  established by the Palermo Wellfield Environmental Trust Agreement ("the Trust Agreement") entered
4  into between Daniel J. Silver and Settling Defendant providing for the creation of the Palermo Wellfield
5  Environmental Trust and the assignment to the Palmermo Trust of Southgate's Non-Ace/Aetna Claims so
6  the Palermo Trust may pursue those claims for the benefit of reimbursing response costs incurred by the
7  EPA Hazardous Substances Superfund. A copy of the Trust Agreement is attached hereto as Appendix
8  A and is hereby incorporated by reference.

9        s. "United States" shall mean the United States of America, including its departments,
10 agencies and instrumentalities.

### V. STATEMENT OF PURPOSE

12  4. By entering into this Consent Decree, the mutual objectives of the Parties are for the
13 Settling Defendant to make a cash payment, and to assign its rights to proceeds from certain insurance
14 policies (the "Non-Ace/Aetna Policies") to the Palermo Wellfield Environmental Trust to resolve its
15 liability for Response Costs as provided in the Covenant Not to Sue by Plaintiff in Section IX, and subject
16 to the Reservations of Rights by United States in Section X. The purpose of the Settling Defendant's
17 assignment of the Non-Ace/Aetna Claims is so that such claims may be pursued by the Palermo Trust for
18 the benefit of reimbursing response costs incurred by the EPA Hazardous Substances Superfund.

### VI. ESTABLISHMENT OF PALERMO TRUST AND ASSIGNMENT OF NON-ACE/AETNA CLAIMS

21  5. Settling Defendant shall execute and fully comply with the Palermo Wellfield Environmental
22 Trust Agreement ("the Trust Agreement"), attached hereto as Appendix A. The Trust Agreement
23 assigns to the Palermo Trust the Non-Ace/Aetna Claims so the Trust may pursue those claims for the
24 benefit of reimbursing response costs incurred by the EPA Hazardous Substances Superfund.

25  6. Settling Defendant shall cooperate in good faith with the efforts of the Palermo Trust to
26 pursue the Non-Ace/Aetna Claims. Such cooperation shall include, but not be limited to, responding
27 promptly to any and all inquiries, providing any and all information reasonably requested by any
28 attorney or investigator, being available for interviews, cooperating in the preparation of affidavits and

declarations, and the taking of depositions, and dealing reasonably and in good faith with any and all attorneys and other parties involved in any negotiation or litigation involving the Non-Ace/Aetna Claims.

### VII. PAYMENT OF RESPONSE COSTS

7. Within thirty (30) days of the entry of this Consent Decree, One Million, Ninety-Five Thousand Dollars ($1,095,000) shall be paid by or on behalf of Settling Defendant to the Palermo Wellfield Special Account in the EPA Hazardous Substance Superfund, in accordance with payment instructions to be delivered to Settling Defendant by the Office of the United States Attorney for the Western District of Washington.  EPA shall either retain and use funds received from, or on behalf of, Settling Defendant and deposited into the Palermo Wellfield Special Account to conduct or finance response actions at or in connection with the Site, or transfer all or any portion of such funds to the EPA Hazardous Substances Superfund.

8. Within thirty (30) days of the entry of this Consent Decree, Settling Defendant shall pay Thirty Thousand Dollars ($30,000) into escrow, or into a closing attorney's trust account, and direct the escrow agent or the closing attorney to pay the Thirty Thousand Dollars ($30,000) to the Palermo Wellfield Environmental Trust, c/o Daniel J. Silver, Trustee, 606 Columbia Street, NW, Suite 212, Olympia, Washington 98501, pursuant to instructions to be provided by Mr. Silver.

9. At the time of the payments referenced in Paragraphs 7 and 8, Settling Defendant shall, in accordance with Section XIV (Notices and Submissions), send notice to EPA and DOJ that the payments have been made.  Such notice shall reference the EPA Region and Site/Spill Identification Number 104K, DOJ case number 90-11-2-07975, and the civil action number 05-5447-RJB.

10. If Settling Defendant fails to make the payments required by Paragraphs 7 and 8 within thirty (30) days of entry of this Consent Decree, Interest shall accrue on the unpaid balance through the date of payment.

### VIII.  FAILURE TO COMPLY WITH CONSENT DECREE

11. If Settling Defendant does not comply with the terms of the Trust Agreement, attached hereto as Appendix A, Settling Defendant shall be in violation of this Consent Decree and shall pay, as a stipulated penalty, $50 per day of such noncompliance.

12. Stipulated penalties are due and payable within 30 days of the date of demand for payment of

the penalties. All payments under this Paragraph shall be identified as "stipulated penalties" and made to the Palermo Wellfield Special Account in the EPA Hazardous Substance Superfund, in accordance with payment instructions to be delivered to Settling Defendant by the Office of the United States Attorney for the Western District of Washington.

13. At the time of any payment referenced in Paragraph 11, Settling Defendant shall, in accordance with Section XIV (Notices and Submissions), send notice to EPA and DOJ that the payment has been made. Such notice shall reference the EPA Region and Site/Spill Identification Number 104K, DOJ case number 90-11-2-07975, and the civil action number 05-5447-RJB.

14. Penalties shall accrue as provided above regardless of whether EPA has notified Settling Parties of a violation or made a demand for payment, but need only be paid upon demand. All penalties shall begin to accrue on the day after payment is due or the day a violation occurs, and penalties shall continue to accrue through the date of payment or the final day of correction of the noncompliance. Nothing herein shall prevent the simultaneous accrual of separate penalties for separate violations of this Agreement.

15. If the United States prevails in any action to enforce this Consent Decree, Settling Defendant shall reimburse the United States for all costs of such action, including but not limited to costs of attorney time.

16. Notwithstanding any other provision of this Section, EPA may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this Agreement. Payment of stipulated penalties shall not excuse Settling Parties from compliance with the Trust Agreement.

## IX. COVENANT NOT TO SUE BY PLAINTIFF

17. Except as provided in this Section, and in Section X (Reservation of Rights by the United States), the United States covenants not to sue or to take administrative action against Settling Defendant pursuant to Section 106 and 107 of CERCLA, 42 U.S.C. §§ 9606 & 9607, with respect to the Site. This covenant shall take effect upon receipt by EPA of all amounts required to be paid by Section VII (Payment of Response Costs and Assignment of Non-Ace/Aetna Claims) and the assignment to the Palermo Trust of the Non-Ace/Aetna Claims pursuant to the Trust Agreement. This covenant not to sue

is conditioned upon the satisfactory performance by Settling Defendants of its obligations under this Consent Decree, including its obligation of good faith cooperation as described in Paragraph 6. This covenant not to sue extends only to Settling Defendant and does not extend to any other person.

18. Notwithstanding any other provision of this Consent Decree, the United States reserves, and this Consent Decree is without prejudice to, the right to institute proceedings in this action or in a new action, or to issue an administrative order seeking to compel Settling Defendant:

(a) to perform further response actions relating to the Site, or

(b) to reimburse the United States for additional costs of response if:

(1) conditions at the Site, previously unknown to EPA, are discovered, or

(2) information, previously unknown to EPA, is received, in whole or in part,

and EPA determines that these previously unknown conditions or information together with any other relevant information indicates that EPA's removal, response, and/or remedial actions are not protective of human health or the environment.

19. For purposes of Paragraph 18, the information and the conditions known to EPA shall include the information and conditions known to EPA as of the date of entry of this Consent Decree.

## X. RESERVATIONS OF RIGHTS BY UNITED STATES

20. The United States reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendant with respect to all matters not expressly included within the Covenant Not to Sue Plaintiff in Paragraph 17. Notwithstanding any other provision of this Consent Decree, the United States reserves all rights against Setting Defendants with respect to:

a. liability for failure of Settling Defendant to meet a requirement of this Consent Decree;

b. liability for costs incurred or to be incurred by the United States that are not within the definition of Response Costs;

c. criminal liability; and

d. liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments.

e. liability arising from the past, present, or future disposal, release, or threat of release of a hazardous substance outside of the Site; and

      f. liability based upon the Settling Defendant's ownership or operation of the Site, or upon the Settling Defendant's transportation, treatment, storage, or disposal, or the arrangement for the transportation, treatment, storage, or disposal, of a hazardous substance at or in connection with the Site, after signature of this Consent Decree by the Settling Defendant.

### XI. COVENANT NOT TO SUE BY SETTLING DEFENDANT

21. Settling Defendant covenants not to sue and agrees not to assert any claims or causes of action against the United States, or its contractors or employees, with respect to Response Costs or this Consent Decree, including but not limited to:

      a. any direct or indirect claim for reimbursement from the Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

      b. any claim arising out of the response actions at the Site for which the Response Costs were incurred, including any claim under the United States Constitution, the Constitution of the State of Washington, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended, or at common law; or

      c. any claim against the United States pursuant to Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, relating to Response Costs.

22. Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. 300.700(d).

### XII. EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION

23. Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. The Parties expressly reserve any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action that they may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto.

24. The Parties agree, and by entering this Consent Decree this Court finds, that Settling Defendant is entitled, as of the date of entry of this Consent Decree, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), for "matters

addressed" in this Consent Decree. The "matters addressed" in this Consent Decree are all response actions taken or to be taken, and all Response Costs incurred and to be incurred, by the United States or any other person with respect to the Site.

25. Settling Defendant agrees that, with respect to any suit or claim for contribution brought by it for matters related to this Consent Decree, it will notify EPA and DOJ in writing no later than 60 days prior to the initiation of such suit or claim. Settling Defendant also agrees that, with respect to any suit or claim for contribution brought against it for matters related to this Consent Decree, it will notify EPA and DOJ in writing within 10 days of service of the complaint or claim upon it. In addition, Settling Defendant shall notify EPA and DOJ within 10 days of service or receipt of any Motion for Summary Judgment, and within 10 days of receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

26. In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other relief relating to the Site, Settling Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, *res judicata*, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenant Not to Sue by Plaintiff set forth in Section VIII.

### XIII.  RETENTION OF RECORDS

27. Until 10 years after the entry of this Consent Decree, Settling Defendant shall preserve and retain all records, reports, or information (hereinafter referred to as "records") now in its possession or control, or which come into its possession or control, that relate in any manner to response actions taken at the Site or the liability of any person under CERCLA with respect to the Site, including but not limited to insurance policies and related insurance documentation or records evidencing the procurement of insurance coverage, regardless of any corporate retention policy to the contrary.

28. After the conclusion of the 10-year document retention period in the preceding paragraph, Settling Defendant shall notify EPA and DOJ at least 90 days prior to the destruction of any such records, and, upon request by EPA or DOJ, Settling Defendant shall deliver any such records to EPA. Settling

Defendant may assert that certain records are privileged under the attorney-client privilege or any other privilege recognized by federal law.  If Settling Defendant asserts such a privilege, it shall provide Plaintiff with the following:  1) the title of the record; 2) the date of the record; 3) the name, title, affiliation (*e.g.*, company or firm), and address of the author of the record; 4) the name and title of each addressee and recipient; 5) a description of the subject of the record; and 6) the privilege asserted.  If a claim of privilege applies only to a portion of a record, the record shall be provided to Plaintiff in redacted form to mask the privileged information only.  Settling Defendant shall retain all records that it claims to be privileged until the United States has had a reasonable opportunity to dispute the privilege claim and any such dispute has been resolved in the Settling Defendant's favor.  However, no records created or generated pursuant to the requirements of this or any other settlement with the EPA pertaining to the Site shall be withheld on the grounds that they are privileged.

29. Settling Defendant hereby certifies individually that, to the best of its knowledge and belief, after thorough inquiry, it has not altered, mutilated, discarded, destroyed or otherwise disposed of any records, reports, or information relating to its potential liability regarding the Site since notification of potential liability by the United States or the State or the filing of suit against it regarding the Site and that it has fully complied with any and all EPA requests for information pursuant to Sections 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e), and Section 3007 of RCRA, 42 U.S.C. § 6972.

### XIV.  NOTICES AND SUBMISSIONS

30. Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one Party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Party in writing. Written notice as specified herein shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to EPA, DOJ, and Settling Defendant, respectively.

As to DOJ:

Bruce Gelber
Chief, Environmental Enforcement Section
U.S. Department of Justice

P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044

As to EPA:

Jennifer Byrne
Assistant Regional Counsel
United States Environmental Protection Agency
1200 Sixth Avenue, 15th Floor
Seattle, Washington 98101

As to Settling Defendant:

Michael Mayberry
Owens, Davies, P.S.
1115 West Bay Drive Suite 302
Olympia, WA 98502
Attorney for Southgate Development Co., Inc.

## XV.  RETENTION OF JURISDICTION

31.  This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

## XVI.  INTEGRATION

32.  This Consent Decree constitutes the final, complete and exclusive agreement and understanding among the Defendants with respect to the settlement embodied in this Consent Decree. The Parties acknowledge that there are no representations, agreements, or understandings relating to the settlement other than those expressly contained in this Consent Decree.

## XVII.  LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

33.  This Consent Decree shall be lodged with the Court for a period of not less than 30 days for public notice and comment.  The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that this Consent Decree is inappropriate, improper, or inadequate.  Settling Defendant consents to the entry of this Consent Decree without further notice.

34.  If for any reason this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XVIII.  SIGNATORIES/SERVICE

35. The undersigned representative of the Settling Defendant and the Assistant Attorney General for the Environment and Natural Resources Division of the United States Department of Justice each certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind to this document the party he or she represents.

36. Settling Defendant hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Settling Defendant in writing that it no longer supports entry of the Consent Decree.

### XIX. FINAL JUDGMENT

37. Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between the United States and Settling Defendant. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

DATED this 20th day of June, 2007.

*Robert J. Bryan*
Robert J. Bryan
United States District Judge

(Signatures of counsel and Trust Agreement attached).

- 13 -